## IN THE CIRCUIT COURT OF SAINT FRANCIS COUNTY, ARKANSAS FOR THE FIRST JUDICIAL DISTRICT AT FORREST CITY

**FERNANDO FERNANDEZ and**
**MARGARITA FERNANDEZ**

      **Plaintiffs,**

**vs.**

          **DOCKET NO: 68CV-19-53**
          **DIVISION 2**
          **JURY DEMANDED**

**WTS EXPRESS, Inc. and**
**ALI A. ELKOT**

      **Defendants.**

### COMPLAINT FOR AUTOMOBILE NEGLIGENCE

COMES NOW the Plaintiffs, FERNANDO FERNANDEZ and MARGARITA FERNANDEZ, by and through the undersigned counsel, and respectfully submit this Complaint and states as follows:

### PARTIES

1. The Plaintiff, FERNANDO FERNANDEZ, is an adult resident and citizen of Memphis, Shelby County, Tennessee.

2. The Plaintiff, MARGARITA FERNANDEZ, is an adult resident and citizen of Memphis, Shelby County, Tennessee.

3. Upon information and belief, the Defendant, WTS EXPRESS Inc., herein after ("WTS Express) is licensed to do business in the states of Arkansas, and, may be served with

1



FILED

MAR 2 8 2019

TIME: ____ M
BETTE S. GREEN, CLERK
ST. FRANCIS COUNTY

process through its agent for service of process, Warner Thompson, at 25 Sunshine Farms Road, Bigelow, AR 72016.

4. Upon further information and belief, WTS Express Inc.'s principal place of business is in the state of Ohio, WTS Express Inc. can be served with process through its agent for service of process, William White, 5231 Engle Road, Brook Park, OH 44142.

5. Alternatively, upon further information and belief, WTS Express Inc.'s principal place of business in the state of North Carolina and WTS Express Inc. can be served with process through its agent for service of process, Edward Williams, 1430 Dobbersville Road, Mount Olive, NC 28365.

6. Upon information and belief, the Defendant, ALI E. ELKOT, hereinafter ("Defendant Elkot") is an adult resident and citizen of Cleveland, Cuyahoga County, Ohio and may be served with process at 1343 W 102nd Street, Cleveland, Ohio 44102, and was the employee of Defendant WTS Express, or in the alternative, was an independent contractor operating a truck with the express permission of Defendant, WTS EXPRESS.

7. The Plaintiffs' cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a tractor trailer driven by Defendant Elkot in St. Francis County, Arkansas on or about October 25, 2017, and, upon information and belief, the vehicle is owned by Defendant WTS Express.

## JURISDICTION AND VENUE

8. All events which form the basis of this Complaint occurred in St. Francis County, Arkansas.

9. Venue is properly situated in St. Francis County, Arkansas.

10. This Court has jurisdiction over the subject matter of this litigation.

2

11. This court has jurisdiction over the parties to this litigation.

## FACTS

12. On or about October 25, 2017, at approximately 10:52 A.M., Plaintiff, Fernando Fernandez, was operating a 2007 Columbia Frightener traveling eastbound in the far left lane on I-40 near mile marker 256 in St. Francis County, Arkansas.

13. Plaintiff, Margarita Fernandez, was a passenger in Plaintiff Fernando Fernandez's vehicle.

14. At said date, time and place, Defendant Elkot, was operating a 2013 Cascadia Freightliner while traveling eastbound directly behind the Plaintiffs in the far left lane on I-40 near miler marker 256 in St. Francis County, Arkansas.

15. Plaintiff, Fernando Fernandez, began to slow down as he approached a construction zone.

16. Suddenly and without warning, Defendant Elkot rear-ended the Plaintiffs' vehicle, causing a collision between the two vehicles and pushed Plaintiff, Fernando Fernandez's, vehicle into the vehicle in front of him.

17. At said date, time and place, Defendant Elkot negligently failed to maintain a proper lookout, keep a safe distance, and proper control of the tractor-trailer he was operating and rear-ended the Plaintiffs, causing serious injuries.

18. At all times pertinent to this Complaint, Defendant WTS Express was acting through its agent, servant, employee and/or independent contractor, specifically, the driver, Defendant Elkot and therefore, the Plaintiffs rely on the doctrine of *Respondeat Superior*.

19. Defendant WTS Express is the true owner of the tractor-trailer.

3

## CAUSE OF ACTION
## NEGLIGENCE

20. Plaintiffs reincorporate paragraphs 1-19 as though set forth verbatim.

21. Defendant Elkot was, at all times relevant to the events complained of, an employee, agent, and/or independent contractor of Defendant WTS Express.

22. Plaintiffs rely upon the doctrines of agency, *Respondeat Superior*, and aver that Defendant WTS Express is liable for the negligence of its employee, agent, and/or independent contractor, Defendant Elkot.

23. Defendant Elkot had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the life and welfare of the Plaintiffs and the motoring public.

24. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of and around him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

25. Defendant Elkot had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Arkansas law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Arkansas law, including but not limited to, the Required Knowledge and Skills set forth in 49 CFR § 383.11 and §383.113 as well as the mandates of 49 CFR § 390-395.

26. Plaintiffs charge and allege that all of the acts and/or omissions of common law negligence of the driver, Defendant Elkot, are imputed to Defendant WTS Express.

27. Defendant Elkot acted with less than and/or failed to act with ordinary and reasonable care in the operation of the tractor-trailer.

4

28.    Defendant Elkot is guilty of the following acts of common law negligence, which are the direct and proximate cause of the injuries complained of herein, to wit:

a.    Negligent in failing to use that degree of care and caution in the operation of his vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

b.    Negligent in failing to maintain a proper lookout for other vehicles and persons;

c.    Negligent in failing to keep his vehicle under proper control;

d.    Negligent in failing to warn Plaintiffs;

e.    Negligent in failing to devote his full time and attention to the operation of his vehicle;

f.    Negligent in failing to bring and/or keep the vehicle he was operating under proper control when he saw or should have seen, in the exercise of reasonable care, that a collision was imminent;

g.    Negligent in failing to prevent the accident and resulting injuries of the Plaintiffs when he knew, or in the exercise of ordinary care, should have known that a collision was imminent;

h.    Negligent in striking the vehicle in front of him;

i.    Following too closely;

j.    Failing to yield the right of way to vehicles in front of him on the roadway;

k.    Failing to drive at a safe and reasonable speed under the conditions;

l.    Failing to drive defensively;

m.    Operating a motor vehicle while distracted;

n.    Operating a motor vehicle while fatigued;

o.    Failing to adhere to safe driving principles expected of a professional driver; and

p.    Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry.

31.    As a direct and proximate result of the Defendants' negligence, Plaintiffs suffered significant and serious injuries, which would not have otherwise occurred.

32.    The above-referenced acts of negligence of the Defendants were the cause, in fact, and proximate cause of the incident described in this Complaint, which resulted in the Plaintiffs suffering significant physical and emotional injuries and damages.

## NEGLIGENCE *PER SE*

33.    The Plaintiff repeat the allegations contained in paragraphs 1-32 as though set forth verbatim.

34.    Plaintiffs charge and allege that Defendant Elkot was guilty of violating one or more of the following statutes of the State of Arkansas, each and every such statute being in full force and effect at the time and place of the collision complained of, each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of the Plaintiff's injuries and damages, to-wit:

AR. Code Ann. § 27-51-104:  Careless and prohibited driving;

AR. Code Ann. § 27-51-201:Speed limitations generally;

AR. Code Ann. § 27-51-302:  Driving on roadways laned for traffic;

6

AR.Code Ann. § 27-51-305: Following too closely;

AR. Code Ann. § 27-73-1: Highway safety.

35.    Upon information and belief, Defendant, WTS Express, maintained the vehicle being operated by the Defendant Elkot for the use of business and commercial purposes.

36.    At all times relevant, the vehicle driven by Defendant Elkot was being operated and used with the authority, consent and knowledge and/or as an agent for Defendant WTS Express, and/or for its use and benefit and/or as an agent for WTS Express, for a business purpose. Thus, WTS Express is liable to the Plaintiffs for the negligence and negligence *per se* of Defendant Elkot pursuant to the principles of *respondeat superior*, agency, bailment.

## COMPENSATORY DAMAGES

37.    Plaintiffs reincorporate the allegations contained in paragraphs 1-36 as though set forth verbatim.

38.    Plaintiffs charge and allege that as a direct and proximate result of one, some or all of the aforesaid acts of common law negligence and/or violations of the statues of the State of Arkansas on the part of the Defendants that the Plaintiffs has suffered damages, including but not limited to:

(a) Serious and severe personal injuries and damages;

(b) Physical pain, mental suffering and anguish, both past and future;

(c) Loss of ability to enjoy the normal pleasures of life, both past and future;

(d) Permanent scarring, injury and disfigurement;

(e) Lost wages, both past and future;

(f) Other non-pecuniary losses; and

(g) Medical expenses, both past and future.

39.    As a direct and proximate result of the negligence, and acts or omissions of the Defendants, Plaintiffs were caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray:

1.    That Plaintiffs be awarded special damages for medical, hospital and doctors expenses incurred, and lost wages according to proof;

2.    That Plaintiffs be awarded the present cash value of any medical care and treatment that has or will have to undergo;

3.    That the Plaintiffs be awarded compensatory damages in an amount of Five Hundred Fifty Thousand and no/100 Dollars ($500,000);

4.    That Plaintiffs be awarded post-judgement interest as allowed by law;

5.    That a jury be empaneled to try the issues which are joined; and

6.    Such further relief as the Court may deem just and equitable.

Respectfully Submitted,

William T. Hackett (#AR 2013090)
**MORGAN & MORGAN MEMPHIS, LLC**
One Commerce Square, Suite 2600
Memphis, TN 38103
Phone: (901) 217-7000
Facsimile: (901) 333-1897
whackett@forthepeople.com
*Attorney for Plaintiff*

8